■ MCKINSEY & COMPANY, INC., Appellant, v OLYMPIA & YORK 245 PARK AVENUE COMPANY, Respondent.—Judgment, Supreme Court, New York County, entered September 17, 1980, which, *inter alia,* declared the rights of the parties to be "that April 30, 1981, or the prior date referred to in paragraph 1 of said Agreement [dated May 14, 1979] be fixed as the last date for surrender of the premises at 245 Park Avenue and that [plaintiff] McKinsey is required to vacate said premises no later than April 30, 1981," unanimously modified, on the law, to the extent of further declaring that if plaintiff is unable to move into the space described in the "New Lease" dated February 28, 1979 because of impossibility (i.e., the space is not substantially ready for occupancy), plaintiff has the right to remain in possession of the "Demised Premises" under the lease dated March 31, 1965, as amended by a supplemental agreement dated September 30, 1965, pursuant to the terms of paragraph 3 of the agreement dated May 14, 1979; and, as so modified, affirmed, without costs and disbursements. In the absence of a holding that a dispute is not ripe for adjudication, a court should not dismiss the complaint in a declaratory judgment action, but should declare the parties' rights *(Lanza v Wagner,* 11 NY2d 317). Special Term, albeit it granted defendant's motion to dismiss, did not, in effect, dismiss the complaint, but declared the parties' rights. In essence, defendant's motion to dismiss the complaint for legal insufficiency was deemed a motion for a declaration in its favor. Plaintiff's contention that the May 14, 1979 agreement allowed it (as tenant) to surrender the premises if it so desired, but that it undertook no obligation to do so, was properly rejected by Special Term in its analysis of this unambiguous agreement. However, the May 14, 1979 agreement is clearly keyed to the important consideration of whether the new premises are substantially ready for occupancy in the period commencing at least by December 31, 1980 and ending no later than December 31, 1982. The new space leased by plaintiff pursuant to lease dated February 28, 1979 relates to space in the building to be constructed by the Fisher Park Avenue Company. The progress of construction, an uncertain factor, was, therefore, taken into account in the May 14, 1979 agreement. Accordingly, we have determined to modify Special Term's declaration to the extent above indicated, in accordance with the terms of the May 14, 1979 agreement, especially paragraph 3 thereof, which provides as follows: "Notwithstanding any other provision of this Agreement, if the term of the New Lease has not commenced and Tenant has not vacated the Demised Premises on or before December 31, 1982, this Agreement shall be terminated and of no further force and effect and Tenant shall have the right to remain in possession of the Demised Premises during the remainder of the term of and under the terms and conditions of the Lease, provided that Tenant shall pay $100,000 to Landlord on or before January 31, 1983." Concur—Fein, J. P., Sandler, Ross, Markewich and Lupiano, JJ.